FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANS

SEP 26 2000

JAMES W. McCORMACK, CLE[RK]
By: _____
DEP.CL[E]

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PHILLIP H. CAGLE                                            PLAINTIFF

v.                   NO. J-C-00-CV-376-SMR

PROFESSIONAL CREDIT MANAGEMENT, INC.                  DEFENDANT

*This case assigned to District Judge Reason
and to Magistrate Judge Young*

## COMPLAINT

### I.

1. Plaintiff Phillip H. Cagle is a resident of Jonesboro, Craighead County, Arkansas. Defendant Professional Credit Management, Inc., is an Arkansas corporation with its principal place of business in Jonesboro, Craighead County, Arkansas.

2. The subject matter of this complaint is violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. An action for violations of this Act is authorized by 15 U.S.C. § 1692k(d). Jurisdiction of this court over federal questions is conferred pursuant to 28 U.S.C. 1331. Venue is conferred in this district based upon the location of the parties and pursuant to 28 U.S.C. § 1391. This complaint also asserts pendent state claims.

### II.

3. Defendant is a debt collector as that term is defined under 15 U.S.C. § 1692a(6). Plaintiff is a consumer as defined under 15 U.S.C. § 1692a(3). Within the past three years defendant has engaged in debt collection with plaintiff and plaintiff has made payments to defendant on alleged debts of creditors.

4. During and prior to one year prior to filing this counterclaim, plaintiff made payments to defendant to be applied upon what defendant maintained were valid and enforceable legal obligations in the form of medical bills incurred by plaintiff or his family members. Although requested by plaintiff or on his behalf, defendant failed and refused to supply information with regard to the identity of any creditors or how payments to defendant were being applied to creditors.

5. Defendant added additional charges or interest onto what it maintained was the debt of plaintiff even though defendant could supply no agreement creating the debt or authorization in law for such charges. Further, defendant applied payments made by plaintiff to creditors' accounts which were barred by the statute of limitations, were discharged in bankruptcy of plaintiff, or to debts which were otherwise disputed by plaintiff.

6. Defendant has purported to take assignments from creditors of the rights of creditors against plaintiff. It pays no consideration for these assignments and uses the assignments to combine the claims of multiple creditors. It further advances court costs, makes decisions for creditors as to when to file suit, takes assignment with the intent to file suit, pays a percentage of any recovery to the creditor, prepares court papers, advances court costs, and otherwise acts in a representative capacity in enforcing the legal rights of others.

### III.

7. Defendant's actions described above are violations of the Fair Debt Collection Practices Act. These violations include, but are not limited to, the following:

(a) Communicating with a consumer whom defendant knew or should have known was represented by an attorney;

(b) Collecting amounts not expressly authorized by the agreement creating the debt or permitted by law;

(c) Failing to notify the consumer in writing of the amount of the debt and the name of the creditor;

(d) Applying payments to debts which are disputed by the consumer, are barred by the statute of limitations, or are discharged in bankruptcy of plaintiff;

(e) Preparing and accepting assignments of debts with the intent to circumvent the provisions of the Fair Debt Collection Practices Act; and

(f) Otherwise, using abusive, deceptive, and unfair debt collection practices.

8. Plaintiff is entitled to recover damages from defendant for the violation of the Fair Debt Collection Practices Act in the amount of plaintiff's actual damages plus statutory damages in the amount of $1,000 per violation plus reasonable attorney's fees and costs. Plaintiff is entitled to recover from defendant in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

## IV.

9. Defendant, by its actions described above, has been guilty of fraud and deceit willfully and maliciously perpetrated upon plaintiff. Defendant is further guilty of the unauthorized practice of law performed for the purpose of carrying out defendant's scheme of fraud and deceit.

10. Plaintiff is entitled to recover from defendant for the fraud, deceit, and unauthorized practice of law in furtherance thereof. Plaintiff is entitled to recover from defendant in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

## V.

11. Defendant's actions as described above were undertaken maliciously, intentionally, and in reckless disregard of the consequences to plaintiff. Plaintiff is entitled to recover punitive damages from defendant in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

12. Plaintiff is entitled to recover his attorney's fees and costs in this action from defendant.

**WHEREFORE**, plaintiff Phillip H. Cagle prays that he recover judgment against defendant in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases; that plaintiff recover judgment for punitive damages in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases; that plaintiff recover his attorney's fees; and that plaintiff have all proper legal and equitable relief. **PLAINTIFF DEMANDS TRIAL BY JURY.**

MIXON PARKER & HURST PLC
Attorneys for Plaintiff
P. O. Box 1442
Jonesboro, AR 72403
(870) 935-8600

by _____
Donn Mixon   76079